IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY CLINT WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-20-545-D |
| ) | |
| SCOTT CROW, Director,[1] ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 13] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon consideration of Respondent's Motion to Dismiss [Doc. No. 9], Judge Mitchell finds that the Petition Under 28 U.S.C. § 2254 is untimely under § 2244(d)(1) and that there is no basis for statutory or equitable tolling. Judge Mitchell therefore recommends that the Court grant the Motion and dismiss the Petition. Petitioner, who appears *pro se*, has filed a timely Objection [Doc. No. 14]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner challenges his conviction in the District Court of Oklahoma County, Oklahoma, Case No. CF-2012-6866, on a plea of guilty to two criminal offenses – second

---

[1] Noting no objection, the Court adopts the magistrate judge's identification of Scott Crow, Director of the Oklahoma Department of Corrections, as the proper respondent.

degree murder and causing an accident while driving a vehicle without a valid license – after former convictions of felony crimes. On December 20, 2013, the state district court imposed concurrent sentences of life imprisonment with all but the first 25 years suspended. Petitioner filed an application for post-conviction relief on November 9, 2018, which was denied, and the Oklahoma Court of Criminal Appeals affirmed the denial on July 2, 2019. After exhausting state court remedies, Petitioner filed this action for habeas corpus relief on June 10, 2020.

Based on the procedural history of Petitioner's criminal case and a federal civil rights case, Judge Mitchell finds that the one-year period to file a habeas petition as provided by 28 U.S.C. § 2244(d)(1)(A), (B) or (D) expired no later than November 2017. Judge Mitchell also finds that Petitioner fails to allege a basis for statutory or equitable tolling or a finding of actual innocence, and thus recommends dismissing the Petition as untimely filed.

Liberally construing the Objection, Petitioner raises for the first time an argument for statutory or equitable tolling based on prior felony cases in the District Court of Oklahoma County, Case Nos. CF-05-2879 and CF-07-3761.[2] Petitioner states that he made a post-conviction filing in those cases on May 16, 2014; that he believed the filing would affect Case No. CF-2012-6866 "since [all] cases were running concurrent" and they

---

[2] Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments, but it cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*pro se* litigants must "follow the same rules of procedure that govern other litigants").

were "clear cases of double jeopardy;" and that the administration of his prior felony sentences should have affected the sentence imposed in December 2013. *See* Obj. at 2-3 (ECF page numbering). The Court finds that Petitioner challenges only Judge Mitchell's conclusion that there is no basis to toll the one-year limitation period of § 2244(d)(1). Review of all other issues addressed by Judge Mitchell is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

First, the Court finds that Petitioner raises new issues in objecting to the R&R but provides no basis to avoid the general rule that such new matter is waived. *See Standing Akimbo, LLC v. United States through Internal Revenue Serv.*, 955 F.3d 1146, 1159 (10th Cir. 2020) (holding "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived" and finding no reason to excuse the waiver) (quoting *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184-85 (10th Cir. 2011) and *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (applying waiver rule to *pro se* litigant). Thus, Petitioner has waived his new tolling arguments.

Second, were Petitioner's new factual allegations and arguments to be considered, the Court finds that the Petition would still be untimely. Giving Petitioner's arguments the liberal construction due a *pro se* litigant, the Court understands Petitioner is asserting that statutory tolling during the pendency of a prior state post-conviction proceeding operates to preserve the habeas claims asserted. *See* Obj. at 3 ("evidence shows that a properly filed post-conviction [proceeding] was had"). However, statutory tolling would

apply only if Petitioner had properly and timely filed a post-conviction application regarding the conviction and sentences being challenged in this case. *See Habteselassie v. Novak*, 209 F.3d 1208-1210-11 (10th Cir. 2000) ("properly filed" applications must satisfy state procedural filing requirements); *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Petitioner provides no basis from which to conclude that his 2014 post-conviction filings in prior felony cases constituted a proper attack on his conviction and sentence in Case No. CF-2012-6866, which is the subject of the Petition.

In any event, publicly available case records in Petitioner's prior state cases show that his 2014 post-conviction applications were denied in April 2015, and an attempted appeal was dismissed in June 2015 for failure to file a timely petition in error. *See State v. Wilson*, No. CF-2005-2879 & No. CF-2007-3761, Order Denying Appl. Post-Conviction Relief (D. Ct. Okla. Cty. Apr. 13, 2015), *appeal denied*, No. PC-2015-479 (Okla. Crim. App. June 2, 2015) (available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=pc-2015-479). Tolling the one-year period of § 2244(d)(1) while this earlier post-conviction proceeding was pending would not save the current Petition, which was filed five years later, from being untimely.

Therefore, upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Mitchell's finding that the Petition is time barred.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety.  The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DISMISSED with prejudice.  Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon consideration, the Court finds the requisite standard is not met in this case.  Therefore, a COA is DENIED.

IT IS SO ORDERED this 29th day of December, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge